# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DORIS GASTON FANCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-11-S-4173-W |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Doris Gaston Fancher commenced this action on December 12, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that: (1) the ALJ improperly considered her need for a sit-stand option; (2) the ALJ's finding that she is capable of performing light work is not supported by substantial evidence; and (3) the ALJ erred in failing to obtain the opinion of a medical expert. Upon review of the record, the court concludes that these contentions are without merit, and the Commissioner's decision should be affirmed.

First, claimant asserts that the ALJ improperly considered her need for a sit-stand option. The ALJ's residual functional capacity finding was:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with no more than occasional bending or stooping, no climbing, and no right lower extremity pushing or pulling operations. She should work in a temperature controlled environment, should not work on concrete flooring, *and should have the opportunity to sit or stand at her option.*[1]

Claimant complains that the residual functional capacity finding lacks sufficient specificity as to the number of hours she can sit and/or stand in a given workday, but that argument simply is not consistent with the ALJ's finding. The ALJ specifically

---

[1] Tr. 27-28 (emphasis supplied).

2

stated that claimant needed to be able to sit or stand "at her option." The meaning of that statement seems clear to this court: plaintiff should be able to sit whenever she needs to, and stand whenever she needs to. That is a common limitation imposed in disability cases, and the way it was phrased in this case is in no way insufficient.

Next, claimant argues that the medical evidence supports a restriction to sedentary work, not just light work. The court disagrees, and finds that the ALJ's assessment of the ability to do light work is supported by substantial evidence. Thus, claimant's mere disagreement with the ALJ's characterization of her limitations is not sufficient to establish disability.

Claimant's final argument is that the ALJ should have obtained the opinion of a medical expert. Claimant last met the insured status requirements of the Social Security Act on March 31, 2007.[2] Claimant therefore bore the burden of proving disability on or prior to March 31, 2007. *See* 42 U.S.C. § 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, and 404.131; *Ware v. Schweiker,* 651 F. 2d 408, 411 n.3 (5th Cir. July 1981).[3] Claimant did not file her application for disability benefits until November 18, 2009, and the administrative hearing was not held until June 1, 2011. Accordingly, most of the medical evidence related to the time period between

---

[2] Tr. 26.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claimant's alleged onset date (January 1, 2007) and her date last insured (March 31, 2007) was several years old by the time it was considered at the administrative level. For that reason, claimant asserts that the ALJ should have utilized a medical expert under Social Security Ruling 83-20. Although claimant quotes only selective portions of that Ruling, the primary purpose of the Ruling is to discuss the proper procedures for determining the date of onset of a claimant's disability.[4] In that context, the Ruling includes the following statements:

> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination. Reports from all medical sources (*e.g.*, physicians, hospitals, and government agencies) which bear upon the onset date should be obtained to assist in determining when the impairment(s) became disabling.
>
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. *Determining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available.* In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

SSR 83-20 (emphasis supplied). Later, the Ruling provides the following guidance

---

[4] Claimant's poor citation technique cannot be ignored. Claimant cites three passages from the Ruling in a block quote, as if they are consecutive statements. In fact, claimant's quotation contains passages from three separate paragraphs, and claimant failed to properly indicate, through the use of ellipses, when she was omitting material from the original text. *See* doc. no. 8 (claimant's brief), at 10.

for determining an onset date when precise evidence of the date is not available and the need to make inferences arises:

> In some cases, it may be possible, based on the medical evidence, to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, *e.g.*, the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. *At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.*
>
> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition. However, before contacting these people the claimant's permission must be obtained. The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record. (In mental impairment cases, see SSR 83-15, PPS-96, Titles II and XVI, Evaluation of Chronic Mental Impairments.)
>
> The available medical evidence should be considered in view of the nature of the impairment (*i.e.*, what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

SSR 83-20 (emphasis supplied).

Claimant first asserts that the ALJ "*could have*" utilized a medical expert under this Ruling.[5] Setting aside the lack of force contained in that statement — there are presumably unlimited things the ALJ *could have* done, and most of them would have no effect on whether his decision was supported by substantial evidence and in accordance with applicable legal standards — claimant's argument is of little relevance, because claimant has not challenged the ALJ's determination of her onset date.

Claimant also asserts that the ALJ "*could also have*" used a medical expert independently of the Ruling. Again, the court agrees with that statement as worded: the ALJ *could have* used a medical expert. As that conclusion has no legal effect, the court will move on to discuss what claimant presumably intended to argue: *i.e.,* whether the ALJ's failure to use such an expert resulted in legal error. Claimant cites 20 C.F.R. § 404.1529(b), which states, in pertinent part, that, "[a]t the administrative law judge hearing or Appeals Council level, the administrative law judge or Appeals Council *may* ask for and consider the opinion of a medical advisor concerning whether your impairment(s) could reasonably be expected to produce your alleged symptoms" (emphasis supplied). Importantly, that regulation is stated in precatory, not mandatory terms: the ALJ is not *required* to use a medical advisor in evaluating

---

[5] *Id.* at 9 (emphasis supplied).

the extent of claimant's impairments.

That interpretation of the regulation is consistent with the ALJ's general duties in evaluating the medical evidence of record. The ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision, even in the absence of a residual functional capacity finding by a treating or examining physician, and the ALJ was not required to order an additional consultative examination or obtain any opinion from a medical advisor.[6] The ALJ relied upon the reports and treatment

---

[6] The ALJ properly noted that, while there was a physical capacity evaluation form on file from Dr. Gary Howard, claimant's treating physician, the form was completed in October of 2010 and thus did not relate back to the time period between claimant's alleged onset date (January 1, 2007) and her date last insured (March 31, 2007). *See* Tr. 33-34.

7

records of claimant's treating physicians dating back to the relevant time period.[7]

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 27th day of September, 2012.

_____
United States District Judge

---

[7] *See* Tr. 31-32, 34.